IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREGORY LINSON                                                              PETITIONER

VS.                                                CIVIL ACTION NO. 1:19cv11-LG-FKB

STATE OF MISSISSIPPI and
WARDEN "UNKNOWN"
TAYLOR                                                                    RESPONDENTS

## REPORT AND RECOMMENDATION

Gregory Linson is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss the petition as untimely. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Linson was convicted in the Circuit Court of Pearl River County, Mississippi, of sale of a controlled substance. He was sentenced as a second and subsequent offender and habitual offender to 60 years without parole. The Mississippi Court of Appeals affirmed Linson's conviction and sentence on May 26, 2009. *Linson v. State*, 9 So.3d 1210 (Miss. Ct. App. 2009). Linson failed to file a petition for rehearing and therefore was unable to seek further review in state court. Linson's § 2254 petition was filed with this court on or about January 4, 2019.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Linson's petition was not dated, but the postage on the envelope indicates that it was mailed on January 4, 2019. It was file-stamped by this court on January 11, 2019.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Linson ended his appeal process by failing to file a motion for rehearing, his conviction became final when his time for doing so expired. 28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Under Miss. R. App. P. 40(a), Linson had 14 days after his conviction was affirmed in which to seek a rehearing. Therefore, his conviction became final on June 9, 2009. Linson had one year from that date, or until June 9, 2010, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Linson

filed no motion for post-conviction relief prior to June 9, 2010.[2]  Thus, his one year expired on that day, and his federal petition, filed on or about January 4, 2019, is untimely.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2019.

s/ F. Keith Ball\
United States Magistrate Judge

---

[2] As Respondents point out in their motion, the records of the Mississippi Supreme Court reflect that Linson has filed six applications for post-conviction relief.  The earliest of these was signed on March 10, 2011 and file-stamped on March 15, 2011.